Thomas M. Fedeli (Bar # TF4602)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DB INSURANCE CO. LTD., HYUNDAI
MARINE & FIRE INSURANCE CO. LTD.,
MSIG INSURANCE (HONG KONG)
LIMITED, AEGIS SYNDICATE 1225, ASCOT
SYNDICATE 1414, AVIVA INSURANCE
LIMITED, CONVEX INSURANCE UK LIMITED,
ENDURANCE WORLDWIDE INSURANCE
LIMITED, CHAUCER SYNDICATE 1084,
MARKEL INTERNATIONAL INSURANCE
COMPANY LIMITED, CHINA PACIFIC
PROPERTY INSURANCE CO. LTD., PICC
PROPERTY AND CASUALTY COMPANY
LIMITED, SOMPO JAPAN INSURANCE
INC., MERITZ FIRE & MARINE INSURANCE CO.
LTD., TOKIO MARINE & NICHIDO FIRE
INSURANCE CO. LTD., ACE AMERICAN
FIRE & MARINE INSURANCE COMPANY
KOREA, CHUBB INSURANCE HONG KONG
LIMITED, and KB INSURANCE
CO. LTD.,

Case No.

**COMPLAINT**

      Plaintiffs,
  v. -

MSC MEDITERRANEAN SHIPPING
COMPANY, S.A., MAERSK A/S, and ZIM
INTEGRATED SHIPPING SERVICES LTD.

      Defendants.
-------------------------------------------------------X

1

Plaintiffs, DB INSURANCE CO. LTD., HYUNDAI MARINE & FIRE INSURANCE CO. LTD., MSIG INSURANCE (HONG KONG) LIMITED, AEGIS SYNDICATE 1225, ASCOT SYNDICATE 1414, AVIVA INSURANCE LIMITED, CONVEX INSURANCE UK LIMITED, ENDURANCE WORLDWIDE INSURANCE LIMITED, CHAUCER SYNDICATE 1084, MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED, CHINA PACIFIC PROPERTY INSURANCE CO. LTD., PICC PROPERTY AND CASUALTY COMPANY LIMITED, SOMPO JAPAN INSURANCE INC., MERITZ FIRE & MARINE INSURANCE CO. LTD., TOKIO MARINE & NICHIDO FIRE INSURANCE CO. LTD., ACE AMERICAN FIRE & MARINE INSURANCE COMPANY KOREA, CHUBB INSURANCE HONG KONG LIMITED, and KB INSURANCE CO. LTD. (collectively, "Plaintiffs"), by their undersigned attorneys, Clyde & Co US LLP, complain of Defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A., MAERSK A/S, and ZIM INTEGRATED SHIPPING SERVICES LTD. (collectively "Defendants"), and allege the following, upon information and belief.

## SUMMARY

1. This is an action to recover monetary losses Plaintiffs sustained as a result of the main engine failure of a container ship during an ocean voyage from China to the United States in or about November 2021.

2. Defendants, as charterers of the vessel, operated, managed, directed and/or controlled the vessel at the time of the engine failure.

3. Plaintiffs insured certain shippers and consignees whose cargoes were aboard the vessel at the time of the engine failure.

4. Due to the vessel's main engine failure, the vessel lost power and was required to be salvaged at sea and towed to safety.

5. The salvage services providers commenced arbitration in London, England to recover a salvage award from the various vessel interests and cargo interests.

6. An arbitration award was rendered in favor of the salvors in the amount of approximately USD$12,000,000, plus approximately USD$3,000,000 in interests, fees, and costs, for a total award of approximately USD$15,000,000.

7. Plaintiffs paid their insureds' respective liabilities in connection with the salvage award, which amounted to the equivalent of approximately USD$2,000,000.

8. Plaintiffs have legal and equitable rights in subrogation and assignment to recover from Defendants the payments made on behalf of their insureds.

## PARTIES

9. Plaintiff DB Insurance Co Ltd. is an insurance provider with its headquarters in Seoul, South Korea. DB Insurance Co Ltd. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

10. Plaintiff Hyundai Marine & Fire Insurance Co Ltd. is an insurance provider with its headquarters in Seoul, South Korea. Hyundai Marine & Fire Insurance Co Ltd. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

11. Plaintiff MSIG Insurance (Hong Kong) Limited is an insurance provider with its headquarters in Hong Kong. MSIG Insurance (Hong Kong) Limited insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

12. Plaintiff AEGIS Syndicate 1225 is an insurance provider managed through AEGIS Managing Agency Limited, headquartered in London, England. AEGIS Syndicate 1225 insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

13. Plaintiff Ascot Syndicate 1414 is an insurance provider managed through Ascot Underwriting Limited, headquartered in London, England. Ascot Syndicate 1414 insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

14. Plaintiff Aviva Insurance Limited is an insurance provider with its headquarters in London, England. Aviva Insurance Limited insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

15. Plaintiff Convex Insurance UK Limited is an insurance provider with its headquarters in London, England. Convex Insurance UK Limited insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

16. Plaintiff Endurance Worldwide Insurance Limited is an insurance provider with its headquarters in London, England. Endurance Worldwide Insurance Limited insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

17. Plaintiff Chaucer Syndicate 1084 is an insurance provider managed through Chaucer Group, headquartered in London, England. Chaucer Syndicate 1084 insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

18. Plaintiff Markel International Insurance Company Limited is an insurance provider with its headquarters in London, England. Markel International

4

Insurance Company Limited insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

19. Plaintiff China Pacific Property Insurance Co. Ltd. is an insurance provider with its headquarters in Shanghai China and managed through W.I.S.E. Underwriting Agency Limited, headquartered in London, England.  China Pacific Property Insurance Co. Ltd. insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

20. Plaintiff PICC Casualty Company Limited is an insurance provider with its headquarters in Beijing, China and managed through W.I.S.E. Underwriting Agency Limited, headquartered in London, England.  PICC Casualty Company Limited insured certain cargo interests brokered through Willis Towers Watson (USA) as identified on Exhibit A to this Complaint.

21. Salvage guarantees for the above-identified insurance providers brokered through Willis Towers Watson (USA) were issued by Aspen Insurance UK Limited, who made payment for salvage services in favor of their representative cargo interests.

22. Plaintiff Sompo Japan Insurance Inc. is an insurance provider with its headquarters in Tokyo, Japan.  Sompo Japan Insurance Inc. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

23. Plaintiff Meritz Fire & Marine Insurance Co Ltd. is an insurance provider with its headquarters in Seoul, South Korea.  Meritz Fire & Marine Insurance Co Ltd. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

24. Plaintiff Tokio Marine & Nichido Fire Insurance Co., Ltd. is an insurance provider with its headquarters in Tokyo, Japan.  Tokio Marine & Nichido

Fire Insurance Co., Ltd. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

25. Plaintiff ACE American Fire & Marine Insurance Company Korea is an insurance provider with its headquarters in Seoul, South Korea. ACE American Fire & Marine Insurance Company Korea insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

26. Plaintiff Chubb Insurance Hong Kong Limited is an insurance provider with its headquarters in Hong Kong. Chubb Insurance Hong Kong Limited insured certain cargo interests as identified on Exhibit A to this Complaint. Salvage guarantees for Chubb Insurance Hong Kong Limited were issued by Chubb European Group SE, who made payment for salvage services in favor of those cargo interests as further set forth herein.

27. Plaintiff KB Insurance Co., Ltd. is an insurance provider with its headquarters in Seoul, South Korea. KB Insurance Co., Ltd. insured certain cargo interests as identified on Exhibit A to this Complaint and made payment for salvage services in favor of those cargo interests as further set forth herein.

28. Defendant MSC Mediterranean Shipping Company, S.A. is a vessel operating common carrier and transportation services provider with its headquarters in Geneva, Switzerland. Defendant MSC Mediterranean Shipping Company, S.A. operates worldwide, including in this Judicial District.

29. Defendant Maersk A/S is a vessel operating common carrier and transportation services provider with its headquarters in Copenhagen, Denmark. Defendant Maersk A/S operates worldwide, including in this Judicial District.

30. Defendant Zim Integrated Shipping Services Ltd. is a vessel operating common carrier and transportation services provider with its headquarters in Haifa,

Isreal. Defendant Zim Integrated Shipping Services Ltd. operates worldwide, including in this Judicial District.

## JURISDICTION AND VENUE

31. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and brought under the general maritime laws of the United States.

32. Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

## FACTS

33. Defendants, and each of them, were, at all relevant times, and are, carriers of goods for hire.

34. Defendants chartered, operated, directed and/or controlled ARCHIMIDIS, IMO No. 9315379 (the "Vessel") at all relevant times, including during its voyage from Yangshen, China, which departed in or about October 2021, ultimately destined for discharge ports in the United States.

35. At the time of that voyage, the Vessel was owned by Archimidis Container Carrier Corp., a Liberian registered company. Archimidis Container Carrier Corp. is not a party to this litigation.

36. Plaintiffs insured various cargo interests as identified on Exhibit A to this Complaint, whose cargo was laden aboard the Vessel and destined for discharge in the United States. Hereinafter, the cargo interests Plaintiffs insured are referred to collectively as the "Cargo Interests."

37. Defendants issued bills of lading, which covered the cargoes during their transit to the United States. The bills of lading that covered the subject cargoes are identified on Exhibit A to this Complaint.

38. On or about November 2, 2021, the Vessel's main engine failed and the Vessel drifted at sea off the coast of Acapulco, Mexico for approximately twelve (12) days (the "Incident").

39. Defendants' acts or omissions were the sole and proximate cause of the Incident.

40. The Incident was not caused by any act or omission of the Cargo Interests or Plaintiffs.

41. The engine failure constituted, caused, or contributed to property damage to the Vessel, which required her to undergo repairs.

42. In total, the value of cargo aboard the Vessel at the time of the Incident was approximately USD$247,331,894.17, of which Plaintiffs insured the equivalent of approximately USD$40,000,000.

43. To save the Vessel and valuable cargo laden thereon, Five Oceans Salvage S.A. ("Five Oceans") was engaged to perform salvage operations pursuant to a Lloyd's Open Form 2020 salvage agreement dated November 4, 2021 (the "LOF").

44. Five Oceans engaged tugs MEXTUG DUERO and GH CHALLENGER to tow the Vessel to safety.

45. The Vessel was towed to anchorage at Bilboa, Panama on or about November 29, 2021.

46. Repairs to the Vessel were completed on or about December 7, 2021.

47. Thereafter, Five Oceans commenced arbitration proceedings in London to recover for its salvage services.

48. The arbitration panel awarded Five Oceans an adjusted global award of approximately USD$12,000,000 for the salvage services rendered, together with approximately USD$3,000,000 in interest, fees, and costs, for a total of USD$15,000,000 ("Arbitration Award").

49. Plaintiffs, who insured a portion of the cargo aboard the Vessel at the time of the Incident, paid or caused to be paid the equivalent of approximately USD$2,000,000 (to be proven as a sum certain at trial) on behalf of the Cargo

Interests, and thereby obtained the legal and equitable rights to pursue this action against Defendants.

50. Plaintiffs also incurred costs defending the salvage claim, which Plaintiffs seek to recover in this action.

51. Plaintiffs seek to recover the full extent of their losses in connection with the foregoing, plus interest and costs.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

52. Paragraphs 1 through 51 are incorporated by reference as if set forth at length herein.

53. For good and valuable consideration, Defendants and Cargo Interests entered contracts for the international carriage of goods.

54. Defendants issued bills of lading to cover the respective contracts for international carriage of goods. The bills of lading are identified on Exhibit A to this Complaint.

55. Under the contracts for ocean carriage, Defendants warranted, agreed, and otherwise were bound to carry the cargoes to their intended destinations in the United States, and there deliver, in good order and condition, and timely without delay or incident, the cargoes as agreed.

56. Defendants breached the contracts for carriage by failing to deliver the cargoes to their intended destinations in good order and condition in a timely manner without incident.

57. Additionally, as contracted carriers of goods for hire, Defendants warranted, agreed, and otherwise were bound, at the beginning of the voyage, to exercise due diligence to make the Vessel seaworthy, and to properly man, equip, and supply the Vessel.

58. Defendants breached the contracts for carriage by, *inter alia*, failing to exercise due diligence to ensure the main engine, the main engine control system,

and the main engine component parts were operational, in good working order, and free from material defects.

59. Defendants also breached the contracts for carriage by failing to timely deliver the cargoes to their intended destinations without delay or incident.

60. As a result of Defendants' breaches of the contracts for carriage, Cargo Interests incurred losses and damages in connection with the Incident and subsequent salvage of the Vessel and cargo laden thereon.

61. Specifically, Cargo Interests incurred debts and liabilities to Five Oceans for salvage services rendered.

62. Plaintiffs satisfied the Cargo Interests' debts and liabilities arising from the salvage services rendered by paying their respective portions of the Arbitration Award to Five Oceans, and thereby became legally and equitably entitled to recover from Defendants to the extent of those payments.

63. Plaintiffs also are entitled to recover costs incurred defending the salvage claim.

## **SECOND CAUSE OF ACTION: UNSEAWORTHINESS**

64. Paragraphs 1 through 63 are incorporated by reference as if set forth at length herein.

65. Defendants had absolute, non-delegable duties to exercise due diligence to make the Vessel seaworthy before and at the beginning of the voyage.

66. Defendants failed to exercise due diligence to make the Vessel seaworthy before and at the beginning of the voyage, and thereby breached their non-delegable duties.

67. Specifically, Defendants failed to exercise due diligence to, *inter alia*, ensure the main engine, the main engine control system, and the main engine component parts were operational, in good working order, and free from material defects.

68. Defendants' failure to exercise due diligence in this regard was the proximate cause in the Vessel's main engine to failure, which resulted in the Vessel requiring salvage services to save the valuable cargo in peril.

69. Plaintiffs, by paying Cargo Interests' liabilities set forth in the Arbitration Award, became legally and equitably entitled to recover their payments from Defendants.

70. Due to Defendants' breach of their non-delegable duty of seaworthiness, Plaintiffs are entitled to recover from Defendants the extent of the payments they issued to Five Oceans for the salvage of the Vessel and the cargoes.

71. Plaintiffs also are entitled to recover costs incurred defending the salvage claim.

### THIRD CAUSE OF ACTION: GENERAL MARITIME NEGLIGENCE

72. Paragraphs 1 through 71 are incorporated by reference as if set forth at length herein.

73. Defendants owed the duty to use reasonable care, skill, and diligence to properly inspect, equip, maintain, repair, and operate the Vessel.

74. Defendants' breached that duty by failing to properly inspect, maintain, repair, and operate the Vessel, her main engine, and its component parts.

75. Defendants' aforesaid breach of duties constitutes negligence.

76. Plaintiffs, on behalf of the Cargo Interests, satisfied the losses and debts Cargo Interests incurred as a result of Defendants' negligence and thereby became legally and equitably entitled to recover from Defendants to the extent those payments.

77. Plaintiffs also are entitled to recover costs incurred defending the salvage claim.

### FOURTH CAUSE OF ACTION: INDEMNITY

11

78. Paragraphs 1 through 77 are incorporated by reference as if set forth at length herein.

79. Defendants failed to perform and comply with their applicable duties, obligations, representations, and/or warranties in connection with the transportation of cargo, which resulted in Cargo Interests incurring losses and debts.

80. As a result, Plaintiffs are entitled to full indemnity from Defendants under applicable contracts, common law, and/or general maritime law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

a. Monetary damages to be proven with certainty at trial in the amount of not less than USD$2,000,000;

b. Pre-judgment and post-judgment interest on said monetary damages;

c. Costs of suit in pursuing this action, including reasonable attorneys' fees; and

d. Such other relief as this Honorable Court may deem just and proper.

Dated: October 24, 2025

**CLYDE & CO US LLP**
Attorneys for Plaintiffs

By: */s/ Thomas M. Fedeli*
Thomas M. Fedeli
**CLYDE & CO US LLP**
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071

Corey R. Greenwald
**CLYDE & CO US LLP**
405 Lexington Avenue, 16th Floor
New York, NY 10174